JUSTIN L. WILSON, ESQ.
Nevada Bar No. 7560
**JONES WILSON LLP**
1522 W. Warm Springs Road
Henderson, Nevada 89014
(702) 405-6000
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT MCCANDLESS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, LLC., and/or INC., a foreign business entity, DOE BILLBOARD INSTALLER, I - X, a Nevada Business entity that installed the subject billboard, inclusive; and ROE CORPORATIONS I - X, inclusive<br><br>Defendants. | CASE NO.: 24-cv-02142-APG-MDC<br><br>**STIPULATION AND ORDER FOR FRCP RULE 35 NEUROPSYCHOLOGICAL EXAMINATION OF PLAINTIFF** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff ALBERT MCCANDLESS, by and through his counsel of record, Justin L. Wilson, Esq., of JONES WILSON LLP and Defendants CLEAR CHANNEL OUTDOOR, LLC., by and through their counsel of record, Jeremy R. Alberts, Esq. and Daniela LaBounty, Esq. of the law firm WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC that the FRCP Rule 35 Neuropsychological Examination of Plaintiff by Defendant's retained expert, Thomas Kinsora, Ph.D., to be held on NOVEMBER 20, 2025, at 8:45 a.m., in the above-entitled action. It is hereby stipulated by the parties as follows:

1.      The examination shall be held on November 20, 2025, at 8:45 a.m. Dr. Kinsora

requests that the Plaintiff arrive by 8:30 a.m.

2. The examination is scheduled to last from 8:45 to 11:45, there will be a half hour lunch, and then examination and testing will resume from 12:15 to 2:15pm. This is to allow sufficient time for an interview, cognitive testing, and psychological testing. This time also contemplates two ten-minute breaks, one in the morning session and one in the afternoon session. Plaintiff may choose to forego the thirty-minute lunch break and continue the examination and testing.

3. Dr. Kinsora will use his best efforts to get Plaintiff into the examination in a timely manner, and shall not be required to wait longer than fifteen (15) minutes beyond the scheduled 8:45 a.m. start time;

4. Dr. Kinsora was specifically retained by Defendant and is being paid by Defendant to perform the examination;

5. Dr. Kinsora will not ask any liability questions and will limit his inquiries in this regard to a general description of how the injury occurred;

6. The parties agree that the Defendant will not refer or imply that Dr. Kinsora is acting in this case in any capacity other than as a retained defense expert and that all his work in this case was performed pursuant to his function as a retained defense expert. Thus, the Defendant will not refer, state, or imply that he is an independent medical examiner, that he was court appointed, or that the Plaintiff (nor his attorneys) agreed to Dr. Kinsora, that he is a treating provider, or make any other similar arguments or statements.

7. The neuropsychological examination will not include any invasive procedures (including injections, medication, x-rays, MRI's, or similar procedures). The examination will include an interview, cognitive testing, and psychological testing. The testing will consist of

standardized tests that are conventionally administered by neuropsychologists. Dr. Kinsora will use his best clinical judgment to determine which battery of tests are appropriate. Dr. Kinsora will determine which neuropsychological tests he chooses to administer.

8. Plaintiff will not be asked to sign any paperwork, and any paperwork required to be completed by Plaintiff will be forwarded to Plaintiff's counsel by November 5, 2025. Plaintiff will complete an intake form and return it electronically by November 13, 2025. The form requires Plaintiff to acknowledge the testing that will be completed and to abstain from the use of any alcohol, cannabis products, or recreational drugs for at least ten days prior to the examination. The intake form also requires Plaintiff to acknowledge that the recording, electronic monitoring, and taking notes during the testing is forbidden, as the tests are proprietary and the security of such tests must be protected.

9. No attorney or other representative of the defendant will attend the examination. However, Plaintiff reserves the right to be accompanied by another person to the examination to the extent allowed by FRCP 35. Accordingly, any person accompanying Plaintiff may not be present during or observe the testing, by may wait in the waiting room for Plaintiff. Plaintiff may have Certified Nurse Observer present during the interview portion of the exam, but not during any testing.

10. Dr. Kinsora may ask questions about Plaintiff's prior psychosocial medical history, as well as questions regarding his current symptoms, treatments, and complaints, as part of the examination.

11. Defendant shall forward a copy of the examination report to Plaintiff's counsel within sixty (60) days of the examination or by the date of the initial expert disclosure, whichever is earlier.

/ / /

/ / /

/ / /

12. The doctor will retain all handwritten notes, e-mails sent and received, and all documents generated or received, including draft reports, related to the examination; and the doctor will produce a copy of his entire file upon request by plaintiff's counsel, including any test materials/raw data, to the extent permitted by FRCP 26(b)(4).

Dated this ____ day of November, 2025.        Dated this ____ day of November, 2025.

JONES WILSON LLP                                WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

By /s/ *Justin L. Wilson, Esq*                  By /s/ *Daniela LaBounty, Esq.*
    Justin L. Wilson, Esq.                           Jeremy R. Alberts, Esq.
    Nevada Bar No.: 7560                             Nevada Bar No.: 10497
    1522 W. Warm Springs Road                        Daniela LaBounty, Esq.
    Henderson, NV 89014                              Nevada Bar No. 13169
    Attorneys for Plaintiff                          8345 W. Sunset Road, Suite 250
                                                     Las Vegas, NV 89113
                                                     Attorney for Defendant

**ORDER**

IT IS HEREBY ORDERED THAT the stipulation to hold Plaintiff's NRCP Rule 35 Medical Examination on November 20, 2025 is here by GRANTED.

Dated 11/7/2025.

_____
United States Magistrate Judge

Submitted by:
JONES WILSON LLP

By /s/ *Justin L. Wilson, Esq.*
    Justin L. Wilson Esq.
    Nevada Bar No.: 7560
    1522 W. Warm Springs Road
    Henderson, NV 89014
    Attorneys for Plaintiff

- 4 -